UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Cory Edward Fisherman, | Case No. 23-cv-03836 (DSD/ECW) |
| Plaintiff, | |
| v. | **ORDER &** <br> **REPORT AND RECOMMENDATION** |
| Marray Young, Medical Director with Centurion,[1] | |
| Defendant. | |

This case is before the Court on the Court's direction in its January 22, 2025 Report and Recommendation to address the potential mootness of Plaintiff Cory Edward Fisherman's claim against remaining Defendant "Marray Young"[2] in view of Fisherman's then-anticipated release. (Dkt. 47 at 30-31.)[3] This case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons stated below, the Court

---

[1] The Complaint also named Nathan Milender, N.P. and Traci McNamara, Director Clinical Opp as Defendants. (Dkt. 1.) The undersigned recommended their dismissal on January 22, 2025 (Dkt. 47) and U.S. District Judge David S. Doty accepted that recommendation and dismissed the Complaint as to Milender and McNamara on February 12, 2025 (Dkt. 52).

[2] "Murray" is misspelled as "Marray" in the Complaint's caption. (*Compare* Dkt. 1 at 1, *with* Dkt. 36 at 1.)

[3] Unless otherwise noted, page number citations to materials filed on the docket are citations to the CM/ECF pagination.

recommends dismissing Fisherman's claim against Young as moot insofar as Fisherman seeks injunctive relief. However, Fisherman also seeks damages from Young for his alleged indifference to Fisherman's serious medical needs, "including 'nerve damage of left shoulder,' along with damages for emotional injuries sustained as a result of the refusal to renew his Gabapentin and punitive damages." (Dkt. 47 at 9 (citing Dkt. 1 at 5, 7, 9).) Accordingly, Fisherman's claims against Young for damages remain in this action, and Young is ordered to file and serve an answer to the Complaint within 14 days from the date of this Order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of Fisherman's allegations that medical staff at the Minnesota Correctional Facility at Oak Park Heights ("MCF-OPH") violated his constitutional rights. (*See* Dkt. 1.) A detailed description of the Complaint's allegations is set forth in the Report and Recommendation issued on January 22, 2025. (Dkt. 47 at 1-9.) The Court will not repeat that description here; suffice to say that Fisherman's claim against Young is an Eighth Amendment claim based on Young's refusal to renew Fisherman's prescription for 600 mg of Gabapentin to be given twice a day to treat "serious nerve pain" in his left shoulder "since Jan-12-2012,"[4] when that prescription expired in November 2023. (Dkt. 1 at 4, 6; *see also* Dkt. 1-1 at 5; Dkt. 1-2 at 4; Dkt. 1-6 at 2, 6.)

---

[4] Gabapentin is a medication used to manage neural pain and psychiatric disorders. Rama Yasaei et al., *Gabapentin*, Nat'l Libr. of Med. (Feb. 21, 2024), https://www.ncbi.nlm.nih.gov/books/NBK493228 (last visited Apr. 24, 2025).

On December 18, 2023, the Clerk's Office received Fisherman's Complaint, signed by Fisherman on December 6, 2023. (Dkt. 1.) Fisherman was incarcerated at MCF-OPH when he filed this lawsuit. (*Id.* at 3.)

Three months later, on May 12, 2024, the Clerk's Office received additional documents from Fisherman. (Dkts. 19, 20.) Fisherman wrote that he had been given "Gabapentin 300 MG just so they keep me from not going through with this action." (Dkt. 19 at 2.) Fisherman also filed a copy of a Grievance Report stemming from a grievance filed by Fisherman on December 4, 2023. (Dkt. 20 at 7.) In the Report, MCF-OPH staff stated on December 18, 2023 that after receiving Fisherman's grievance on December 1, 2023 stating he had been "denied medications for left shoulder pain," a PA ordered Neurontin[5] 300 mg twice a day for his shoulder pain. (Dkt. 20 at 7.) However, Fisherman still wanted his dosage "increassd back too 600 MG's" and "too get my Nerurontin 300 MG too 600 Mg's twice a day." (Dkt. 20 at 7 (errors in original).) MCF-OPH staff confirmed the 300-mg twice-a-day prescription again in a January 3, 2024 response. (Dkt. 20 at 5.)

On April 23, 2024, Defendant Traci McNamara filed a Motion to Dismiss and supporting documentation. (Dkts. 28-32). In McNamara's memorandum of law in support of her Motion to Dismiss, she argued, among other things, that "because Fisherman's anticipated supervised release date is June 4, 2024, his request for injunctive

---

[5] Neurontin is a brand name for Gabapentin. Gabapentin, MedlinePlus, https://medlineplus.gov/druginfo/meds/a694007.html#:~:text=Gabapentin%20is%20in%20a%20class,way%20the%20body%20senses%20pain (last visited Apr. 24, 2025).

3

relief will likely become moot during the pendency of this litigation." (Dkt. 29 at 12 n.4 (citation omitted).) On April 25, 2024, Young and Defendant Nathan Milender, N.P. filed their Motion to Dismiss and supporting documentation. (Dkts. 34-40.) The Clerk's Office received Fisherman's opposition to these Motions on May 10, 2024. (Dkt. 42.) Defendants filed letters stating they would not be filing reply briefs in May 2024. (Dkts. 43, 44.) At the time of these filings, Fisherman's anticipated supervised release date was June 4, 2024. (*See* Dkt. 18 at 1; Dkt. 19 at 3; Dkt. 29 at 1 & n.1, 12 n.4; Dkt. 42 at 3, 4.)

On December 28, 2024, Fisherman filed a Notice of Change of Address. (Dkt. 46.) The address he provided corresponds to Minnesota Correctional Facility-Stillwater ("MCF-Stillwater"). (*See id.*)

On January 22, 2025, the Court issued a Report and Recommendation recommending granting McNamara's Motion to Dismiss, granting Milender and Young's Motion to Dismiss as to Milender, and denying Milender and Young's Motion to Dismiss as to Young. (Dkt. 47.) At the end of the Report and Recommendation, the Court recognized that Fisherman's release date from Minnesota Department of Corrections ("DOC") was (at that time) February 19, 2025 and directed the parties as follows:

> To the extent any Defendant wishes to make an argument relating to mootness, they should file a supplemental brief within 14 days after the date of this Report and Recommendation. Fisherman must file a response to any such supplemental brief within 14 days after being served with a copy of the supplemental brief.

(*Id.* at 30-31.)

On February 4, 2025, Young filed a supplemental memorandum of law arguing that Fisherman's claims for injunctive relief would be moot as of his release on February

4

19, 2025, and seeking dismissal of the Complaint in its entirety. (Dkt. 49 at 3.) Young did not address Fisherman's claims for damages.

On February 7, 2025, the Clerk's Office received additional medical records and kites[6] from Fisherman. (Dkt. 51.) This filing included a list of Fisherman's medications from June 2024 (Dkt. 51-1 at 1, 5), copies of twelve kites submitted by Fisherman to DOC staff between December 11, 2024 and February 3, 2025 (Dkt. 51-1 at 16 (December 11, 2025 kite), 15 (December 23, 2025 kite), 14 (December 29, 2025 kite), 11 (January 1, 2025 kite), 13 (January 5, 2025 kite), 10 (January 7, 2025 kite), 12 (January 11, 2025 kite), 9 (January 14, 2025 kite), 7 (January 22, 2025 kite), 6 (January 26, 2025 kite), 3 (January 27, 2025 kite), 2 (February 3, 2025 kite)), a Grievance Report response dated January 16, 2024 (Dkt. 51-1 at 4), and an Internal Memo from DOC staff to Fisherman on January 16, 2025 regarding "Kite response regarding records" (Dkt. 51-1 at 8). The documents primarily highlight Fisherman's concerns regarding his ability to get medications other than Gabapentin, specifically Wellbutrin[7] and Artane.[8]

---

[6] A "kite" is a printed form issued by the Minnesota Department of Corrections to be used by incarcerated persons to communicate with DOC staff and other inmates. *See* DOC Policy 303.101, *Kites/Communication*, https://policy.doc.mn.gov/DocPolicy (last visited April 24, 2025).

[7] Wellbutrin is a brand name for bupropion, an antidepressant. *See* Bupropion, MedlinePlus, https://medlineplus.gov/druginfo/meds/a695033.html (last visited Apr. 24, 2025).

[8] Artane is a brand name for trihexyphenidyl, a medication used to treat Parkinsonism or movement problems caused by other drugs. Trihexyphenidyl tablets, Cleveland Clinic (2025), https://my.clevelandclinic.org/health/drugs/19335-trihexyphenidyl-tablets (last visited Apr. 24, 2025).

But of relevance here, the June 2024 medication list states that Fisherman had been placed on 300 mgs of Gabapentin twice daily starting May 25, 2024 through his release from MCF-OPH on June 4, 2024. (Dkt. 51-1 at 1.) The records suggest that Fisherman was released from DOC custody in June 2024 but then returned to DOC custody later in 2024, at least as of December 29, 2024. (Dkt. 51-1 at 3-4 (discussing getting out on June 4, 2024 and getting to MCF-Stillwater on December 29, 2024).) A DOC Internal Memo dated January 16, 2025 states:

> [Fisherman's Cass Lake Indian Health and DOC] records show you reported to the provider at Cass Lake Indian Health Services [outside of DOC custody] you were prescribed Wellbutrin 300 mg for depression and anxiety once daily and Gabapentin 600 mg twice daily for shoulder pain while you were at MCF-Oak Park Heights, and you were only prescribed a 14-day supply of the medications on 9/10/24 and at lower doses.

(Dkt. 51-1 at 8.)

At the time of Young and Fisherman's mootness filings in early February 2025, Fisherman's release date was February 19, 2025. (Dkt. 51-1 at 2; Dkt. 49 at 3.)

On February 13, 2025, U.S. District Court Judge David S. Doty adopted the Court's January 22, 2025 Report and Recommendation in its entirety. (Dkt. 52.) Judge Doty did "not address the issue of mootness as to Young, as it was briefed after the R&R was filed." (*Id.* at 2 n.1 (citing Dkt. 49).)

Fisherman was released from DOC custody on March 4, 2025 and, as of the date of this Order and Report and Recommendation, remains on supervised release. *See Corey Edward Fisherman*, Minn. Dep't of Corr., https://coms.doc.state.mn.us/

6

publicviewer/OffenderDetails/Index/213394/Search (last visited Apr. 24, 2025). His sentence expiration date is May 25, 2027. *Id.*

On April 21, 2025, Young filed a "Motion for Reconsideration of Motion to Dismiss" reiterating his argument that Fisherman's claim for injunctive relief is moot based on his March 4, 2025 release from DOC custody. (Dkt. 55.) Young seeks relief under Federal Rule of Civil Procedure 60(b) because:

> Defendant Young was invited to file a supplemental memorandum and did so within the allotted timeframe. It appears the Court did not consider the supplemental memorandum given the timing of the briefing and Orders, most likely due to inadvertence or mistake. As such, it is within the Court's discretion to consider the supplemental filing. Defendant Young requests that the Court consider its supplemental filing regarding mootness and dismiss Plaintiff's Complaint.

(Dkt. 55 at 2.)

Young again asks the Court to dismiss the Complaint in its entirety. (*Id.* at 2.)

## II.   DISCUSSION

### A.   Legal Standard

"Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000)). "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Haden*, 212 F.3d at 469 (quoting *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir. 1994)). "A federal court

7

lacks subject-matter jurisdiction if a claim becomes moot." *Dalton v. JJSC Props., LLC*, 967 F.3d 909, 913 (8th Cir. 2020) (citation omitted).

"In general, a pending claim for injunctive relief becomes moot when the challenged conduct ceases and there is no reasonable expectation that the wrong will be repeated." *Mo. Prot. & Advoc. Servs., Inc. v. Carnahan*, 499 F.3d 803, 811 (8th Cir. 2007) (cleaned up). This is because the "irreparable injury" requirement for injunctive relief "cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again . . . ." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).

**B.   Fisherman's Claim for Injunctive Relief Is Moot**

Here, the State of Minnesota's public records indicate that Fisherman is no longer in the custody of the DOC.[9] *See* Corey Edward Fisherman, Minn. Dep't of Corr., https://coms.doc.state.mn.us/publicviewer/OffenderDetails/Index/213394/Search (last visited Apr. 24, 2025). Young argues in his supplemental brief that Fisherman's request for injunctive relief is moot upon his release from custody.[10] (*See* Dkt. 49 at 3.) The

---

[9]   The Court may take judicial notice of public state records, including those of a state's Department of Corrections. *See Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records.").

[10]   The Court recommends denial of Young's "Motion for Reconsideration of Motion to Dismiss" (Dkt. 55) because it was filed in violation of Local Rule 7.1(j). That Rule states: "Except with the court's prior permission, a party must not file a motion to reconsider. A party must show compelling circumstances to obtain such permission. A party who seeks permission to file a motion to reconsider must first file and serve a letter

Eighth Circuit has consistently held that a prisoner's claim of injunctive relief against a prison official is rendered moot by their subsequent release from custody. *See Hanks v. Prachar*, 457 F.3d 774, 775 (8th Cir. 2006) ("We agree with the district court that Hanks's requests for injunctive relief are moot because he is no longer incarcerated at the Jail . . . .") (citation omitted); *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991) ("[A]s the district court correctly concluded, Smith's release from the jail rendered his request for injunctive relief moot.") (citations omitted); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[A] prisoner's claim for injunctive relief to improve prison conditions is moot if he or she is no longer subject to those conditions.") (citation omitted); *Watts v. Brewer*, 588 F.2d 646, 648 (8th Cir. 1978) ("After the notice of appeal was filed by Watts, he was released from ISP, and is no longer confined in that institution or in any other institution operated by the State of Iowa.  His release has mooted his claims for declaratory and injunctive relief . . . ."); *Brown v. Cooper*, 787 F. App'x 366, 367 n.2 (8th Cir. 2019) ("[B]ecause of Brown's release from prison, his claims for injunctive and declaratory relief are moot.") (citation omitted); *cf. Wycoff v. Brewer*, 572 F.2d 1260, 1262 (8th Cir. 1978) ("In the course of the argument before us it developed that plaintiff is no longer an inmate of the [Iowa] Penitentiary, having been transferred to the Missouri State Penitentiary.  In view of that development, his claim for injunctive relief has become moot.").

---

of no more than two pages requesting such permission."  D. Minn. LR 7.1(j).  Young did none of those things.  In any event, it does not matter, because the Court recommends dismissal of Fisherman's claim for injunctive relief based on Young's February 2025 filing.

The Court has considered the fact that Fisherman remains on supervised release in assessing mootness. The Eighth Circuit and district courts within have found that a transfer from custody to supervised release moots a claim for prospective relief. *See Hickman v. State of Missouri.*, 144 F.3d 1141, 1142 (8th Cir. 1998) ("Because plaintiffs have been released on parole and are no longer confined at WMCC, their claims are moot.") (citation omitted); *Tope v. Fabian*, Civ. No. 09-0734 (DWF/RLE), 2010 WL 3307351, at *11 n.14 (D. Minn. July 29, 2010) ("We also note that, according to the DOC website, . . . the Plaintiff was released from custody, and is now under supervised release . . . . As a consequence, even if the Plaintiff had not failed to exhaust his administrative remedies, it would appear that the Plaintiff's request for injunctive relief is moot.") (citations omitted), *R. & R. adopted*, 2010 WL 3307354 (D. Minn. Aug. 19, 2010).

The Court has also considered whether any exceptions to the mootness doctrine apply. A court should not dismiss a claim as moot if

> (1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*Ahmed v. Sessions*, No. 16-CV-02124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017) (quoting *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002)), *R. & R. adopted*, 2017 WL 3268176 (D. Minn. July 31, 2017). Here, the only applicable exception would be whether Fisherman's claim is capable of repetition yet evading review. It is true that Fisherman, while on supervised release, could theoretically return to DOC custody if he violated his conditions of release and the DOC facility could then

refuse to prescribe him 600 mgs of Gabapentin twice a day. But the mere potential of returning to prison following a violation of supervised release does not make a claim not moot. *See Brazil v. Ark. Dep't of Hum. Servs.*, 892 F.3d 957, 960 (8th Cir. 2018) ("[W]e have held that an action seeking an injunction to alter prison conditions becomes moot once the plaintiff transfers to another facility. It makes no difference that it is theoretically possible that the plaintiff could return to the original facility and once again face the same conditions. *Cf. McAlpine v. Thompson*, 187 F.3d 1213, 1217 (10th Cir. 1999) (holding that a claim for injunctive relief to change prison conditions is moot once an inmate is released even if it is theoretically possible that the inmate could violate supervised-release conditions and be returned to the same prison).") (citations omitted); *see also Roubideaux v. N.D. Dep't of Corr. & Rehab.*, 570 F.3d 966, 976 (8th Cir. 2009) ("All of the Female Inmates have been transferred out of [the institutions giving rise to their claims], and there is no suggestion that they might be returned. Their class certification is for injunctive relief, and any equal protection claim arising out of their previous housing in those other facilities is now moot."); *cf. Spencer v. Kemna*, 91 F.3d 1114, 1117 (8th Cir. 1996) (dismissing habeas action where the court "considered as too speculative to overcome mootness the argument that the movant's parole could once again be revoked"), *aff'd*, 523 U.S. 1 (1998).

Accordingly, the Court recommends that Fisherman's claim against Young for injunctive relief be dismissed as moot.

C.     **Fisherman's Claim for Damages Remains**

Young's recent filings, which seek dismissal of the Complaint in their entirety, do not acknowledge that Young sought damages in his Complaint. (Dkt. 49 at 2 ("His claim against Dr. Young is injunctive in nature, as evidenced by his request to restore his medications.").) Young therefore seeks dismissal of the entire Complaint. (*See id.* at 3 ("The injunctive relief claims against Defendant Young are moot. As such, Defendant Young respectfully requests Plaintiff's Complaint be dismissed in its entirety."); Dkt. 55 at 3 (asking "that Plaintiff's Complaint be dismissed in its entirety").)

Young is wrong to the extent he believes Fisherman only sought injunctive relief as to Young. In his Complaint, Fisherman requested "$1,000.00 jointly from Defendants" for emotional injuries resulting from the denial of his 600-mg Gabapentin prescription and $50,000 from each of the Defendants. (Dkt. 1 at 5.) Young moved to dismiss all claims in his Motion to Dismiss (Dkt. 34) but did not address Fisherman's damages claims in the supporting brief (Dkt. 36). The Court noted Fisherman's claim for damages in its Report and Recommendation. (Dkt. 47 at 9 ("Fisherman seeks monetary damages from each Defendant for the alleged indifference to his serious medical needs, including "nerve damage of left shoulder," along with damages for emotional injuries sustained as a result of the refusal to renew his Gabapentin and punitive damages.") (citing Dkt. 1 at 5, 7, 9).) No Defendant objected to any part of the Court's Report and

12

Recommendation. Accordingly, Fisherman's claim for damages against Young remains a live claim in this case.

Moreover, Rule 12 required Young to file an answer within 14 days of the February 12, 2025 Order adopting the January 22, 2025 Report and Recommendation and denying the Motion to Dismiss as to Young. *See* Fed. R. Civ. P. 12(a)(4)(a). Young did not do so. Because Young may have failed to file an answer in view of the Order for supplemental briefing as to mootness, the Court will excuse Young's failure to file an answer to date and give Young 14 days from the date of this Order to do so. Should District Judge Doty reject or modify the Court's recommendation for dismissal of Fisherman's claim for injunctive relief against Young, Young may amend his answer accordingly.

### III. RECOMMENDATION

Based on the above, and on the files, records, and proceedings herein, **IT IS RECOMMENDED** that: Fisherman's claim for injunctive relief against Defendant "Marray Young" be **DISMISSED** as moot.

### IV. ORDER

Based on the above, and on the files, records, and proceedings herein, **IT IS ORDERED** that: Defendant "Marray Young" must file an answer to the Complaint (Dkt. 1) within 14 days of this Order.

DATED: April 24, 2025               *s/ Elizabeth Cowan Wright*
                                    ELIZABETH COWAN WRIGHT
                                    United States Magistrate Judge

**NOTICE**

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in D. Minn. LR 72.2(c).